IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ROY HARRISON**                                                                               **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:07-cv-73-DPJ-JCS**

**SHERIFF LARRY MYERS AND**
**SONYA RAINEY**                                                                **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

On June 5, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On August 29, 2007, an order was entered directing Plaintiff to file a written response within twenty days. Plaintiff was warned in that same order that failure to keep this Court informed of his address or failure timely comply with the requirements of the order may lead to the dismissal of his complaint. On September 21, 2007, the envelope containing correspondence from this Court was returned by the postal service with the notation "return to sender." Plaintiff has failed to keep the Court informed of his current address, and has failed to provide a written response.

On October 12, 2007, Plaintiff was ordered to show cause in writing, on or before October 27, 2007, why this case should not be dismissed for failure to comply with this Court's August 29, 2007 order. In addition, Plaintiff was directed to comply with the August 29, 2007 order by filing a written response, on or before October 27, 2007. Plaintiff was warned in this Court's order of October 12, 2007, that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint without further written notice to Plaintiff. Plaintiff has not complied with this order. Plaintiff has failed to respond to two Court orders. It

is apparent from Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 14th day of November, 2007.

                 s/ *Daniel P. Jordan III*
                 UNITED STATES DISTRICT JUDGE